IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF IOWA
CEDAR RAPIDS DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | | |
| Plaintiff, | ‖ | No.   20-CR-15-CJW-MAR |
| vs. | ‖ | **ORDER** |
| DAGOBERTO PACHECO-MATA, | | |
| Defendant. | | |

_____

## I.   INTRODUCTION

This matter is before the Court on a Report and Recommendation ("R&R") of the Honorable Mark. A Roberts, United States Magistrate Judge, filed on May 20, 2020. (Doc. 32).   In his R&R, Judge Roberts recommends this Court deny defendant's Motion to Withdraw Guilty Plea filed on April 28, 2020.  (Doc. 28).  On June 3, 2020, the government timely filed objections to Judge Roberts' R&R.  (Doc. 34).   Defendant did not file any objections.   For the following reasons, the Court **overrules** the government's objections (Doc. 34), **adopts** Judge Roberts' R&R without modification (Doc. 32), and **denies** defendant's motion (Doc. 28).

## II.   RELEVANT BACKGROUND

On February 20, 2020, a grand jury issued an Indictment charging defendant with one count of being found after illegal reentry in violation of Title 9, United States Code, Section 1326.  (Doc. 2).  On March 11, 2020, defendant pleaded guilty to this offense before Judge Roberts.  (Doc. 16).   The parties did not enter into a plea agreement.   On March 27, 2020, the Court accepted defendant's guilty plea.  (Doc. 19).  On March 31, 2020, the United States Probation Office ("USPO") issued defendant's draft presentence investigation report ("PSR") (Doc. 20), to which defendant's only objection was a

1

correction to his height (Doc. 21). On April 14, 2020, the USPO issued defendant's final PSR. (Doc. 23). On April 16, 2020, the Court entered an order scheduling the sentencing hearing for April 29, 2020. (Doc. 24).

On April 24, 2020, defendant filed an unresisted motion to continue the sentencing hearing. (Doc. 26). In the motion, defense counsel explained that defendant's immigration attorney advised defense counsel that defendant wished to withdraw his guilty plea, but defense counsel had not yet been able to confer with defendant about the matter. On the same day the Court granted the motion and giving defendant until May 1, 2020, to file a motion to withdraw his guilty plea or advise the court of his desire to proceed with sentencing. (Doc. 27).

On April 28, 2020, defendant moved to withdraw his guilty plea. (Doc. 28). In his motion, defendant argues a fair and just reason exists to withdraw his guilty plea because his plea will prevent him from applying for asylum. (*Id.*, at 3). On May 1, 2020, the government timely filed a resistance arguing defendant was properly advised of potential immigration consequences when he entered his plea and defendant's intent to apply for asylum and his plea's potential consequences are insufficient to warrant withdrawal. (Doc. 29-1, at 6-8). Moreover, the government noted defendant does not assert actual innocence, there was substantial delay in withdrawing the plea, and the government would be prejudiced by withdrawal. (*Id.*, at 8-10). On May 7, 2020, Judge Roberts held a hearing on defendant's motion to withdraw. (Doc. 31). On May 20, 2020, Judge Roberts issued his R&R recommending this Court deny defendant's motion to withdraw his guilty plea. (Doc. 32).

2

### III. STANDARD OF REVIEW

The Court reviews Judge Roberts' R&R pursuant to the statutory standards found in Title 28, United States Code, Section 636(b)(1)(C):

> A judge of the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made. A judge of the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge. The judge may also receive further evidence or recommit the matter to the magistrate judge with instructions.

*See also* FED. R. CIV. P. 72(b) (containing identical requirements). While examining these statutory standards, the United States Supreme Court explained:

> Any party that desires plenary consideration by the Article III judge of any issue need only ask. Moreover, while the statute does not require the judge to review an issue de novo if no objections are filed, it does not preclude further review by the district judge, sua sponte or at the request of a party, under a de novo or any other standard.

*Thomas v. Arn*, 474 U.S. 140, 154 (1985). Thus, a district court may review de novo any issue in a magistrate judge's report and recommendation at any time. *Id.* If a party files an objection to the magistrate judge's report and recommendation, however, the district court must "make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1)(C). In the absence of an objection, the district court is not required "to give any more consideration to the magistrate's report than the court considers appropriate." *Thomas*, 474 U.S. at 150.

De novo review, of course, is nondeferential and generally allows a reviewing court to make an "independent review" of the entire matter. *Salve Regina Coll. v. Russell*, 499 U.S. 225, 238 (1991) (noting also that "[w]hen de novo review is compelled, no form of appellate deference is acceptable"); *see Doe v. Chao*, 540 U.S. 614, 619

3

(2004) (noting de novo review is "distinct from any form of deferential review"). The de novo review of a magistrate judge's report and recommendation, however, only means a district court "'give[s] fresh consideration to those issues to which specific objection has been made.'" *United States v. Raddatz*, 447 U.S. 667, 675 (1980) (quoting H.R. Rep. No. 94–1609, at 3, reprinted in 1976 U.S.C.C.A.N. 6162, 6163 (discussing how certain amendments affect Section 636(b))). Thus, although de novo review generally entails review of an entire matter, in the context of Section 636 a district court's required de novo review is limited to "de novo determination[s]" of only "those portions" or "specified proposed findings" to which objections have been made. 28 U.S.C. § 636(b)(1); *see Thomas*, 474 U.S. at 154 ("Any party that desires plenary consideration by the Article III judge of any issue need only ask." (emphasis added)).

Consequently, the Eighth Circuit Court of Appeals has indicated de novo review would only be required if objections were "specific enough to trigger de novo review." *Branch v. Martin*, 886 F.2d 1043, 1046 (8th Cir. 1989). Despite this "specificity" requirement to trigger de novo review, the Eighth Circuit Court of Appeals has "emphasized the necessity . . . of retention by the district court of substantial control over the ultimate disposition of matters referred to a magistrate." *Belk v. Purkett*, 15 F.3d 803, 815 (8th Cir. 1994). As a result, the Eighth Circuit has concluded that general objections require "full de novo review" if the record is concise. *Id.* ("Therefore, even had petitioner's objections lacked specificity, a de novo review would still have been appropriate given such a concise record."). Even if the reviewing court must construe objections liberally to require de novo review, it is clear to this Court that there is a distinction between making an objection and making no objection at all. *See Coop. Fin. Ass'n, Inc. v. Garst*, 917 F. Supp. 1356, 1373 (N.D. Iowa 1996) ("The court finds that the distinction between a flawed effort to bring objections to the district court's attention and no effort to make such objections at all is appropriate.").

4

In the absence of any objection, the Eighth Circuit Court of Appeals has indicated a district court should review a magistrate judge's report and recommendation under a clearly erroneous standard of review. *See Grinder v. Gammon*, 73 F.3d 793, 795 (8th Cir. 1996) (noting when no objections are filed and the time for filing objections has expired, "[the district court judge] would only have to review the findings of the magistrate judge for clear error"); *Taylor v. Farrier*, 910 F.2d 518, 520 (8th Cir. 1990) (noting the advisory committee's note to FED. R. CIV. P. 72(b) indicates "when no timely objection is filed the court need only satisfy itself that there is no clear error on the face of the record"); *Branch*, 886 F.2d at 1046 (contrasting de novo review with "clearly erroneous standard" of review and applying the former where objections were filed).

The court is unaware of any case describing the clearly erroneous standard of review in the context of a district court's review of a magistrate judge's report and recommendation to which no objection has been filed. In other contexts, however, the Supreme Court has stated the "foremost" principle under this standard "is that '[a] finding is "clearly erroneous" when although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed.'" *Anderson v. City of Bessemer City*, 470 U.S. 564, 573 (1985) (citation omitted). Thus, the clearly erroneous standard of review is deferential, *see Dixon v. Crete Med. Clinic, P.C.*, 498 F.3d 837, 847 (8th Cir. 2007) (noting a finding is not clearly erroneous even if another view is supported by the evidence), but a district court may still reject the magistrate judge's report and recommendation when the district court is "left with the definite and firm conviction that a mistake has been committed," *United States v. U.S. Gypsum Co.*, 333 U.S. 364, 395 (1948).

Even though some "lesser review" than de novo is not "positively require[d]" by statute, *Thomas*, 474 U.S. at 150, Eighth Circuit precedent leads this Court to believe that a clearly erroneous standard of review should generally be used as the baseline

5

Case 1:20-cr-00015-CJW-MAR   Document 35   Filed 06/09/20   Page 5 of 11

standard to review all findings in a magistrate judge's report and recommendation that are not objected to or when the parties fail to file any timely objections, *see Grinder*, 73 F.3d at 795; *Taylor*, 910 F.2d at 520; *Branch*, 886 F.2d at 1046; *see also* FED. R. CIV. P. 72(b) advisory committee's note ("When no timely objection is filed, the court need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation."). In the context of the review of a magistrate judge's report and recommendation, the Court believes one further caveat is necessary: a district court always remains free to render its own decision under de novo review, regardless of whether it feels a mistake has been committed. *See Thomas*, 474 U.S. at 153–54. Thus, although a clearly erroneous standard of review is deferential and the minimum standard appropriate in this context, it is not mandatory, and the district court may choose to apply a less deferential standard.

## IV.   ANALYSIS

In his R&R, Judge Roberts found defendant was sufficiently advised at his change of plea hearing that pleading guilty could impact his immigration status. (Doc. 32, at 3-4). Defendant indicated he understood such consequences and that he would likely be deported after serving his prison sentence. (*Id.*, at 3). Judge Roberts acknowledged that, although the specific topic of asylum did not arise, the broader topic of immigration was plainly discussed. (*Id.*, at 4). Asylum was not discussed before the change of plea hearing privately between defendant and defense counsel. (*Id.* at 5). Defense counsel informed the Court that defendant was not aware his guilty plea would wholly bar him from applying for asylum until defense counsel and defendant's immigration attorney communicated after the change of plea hearing. (*Id.*). Thus, Judge Roberts interpreted defendant's motion to withdraw as asserting that defendant's plea was "not completely 'knowing,'" i.e. that defendant would not have pleaded guilty had he known his plea would substantially impact his ability to obtain asylum. (*Id.*, at 8).

6

Judge Roberts discussed *United States v. Carrillo-Estrada*, in which the defendant argued on appeal that his due process rights were violated because he was not informed of the possibility of seeking asylum before pleading guilty. (*Id.*, at 8-9) (citing *United States v. Carrillo-Estrada*, 564 Fed. App'x 385, 388 (10th Cir. 2014). There, the Tenth Circuit Court of Appeals held that "the possibility of seeking asylum is not a *consequence* of conviction—either direct or indirect. Rather it is an avenue for *avoiding* the consequence of deportation." 564 Fed. App'x at 388. Judge Roberts concluded that, although there "may be no right to be advised of the effect of a conviction on asylum at a guilty plea hearing," the issue "here is whether learning of that effect after a plea hearing constitutes a fair and just reason to withdraw the plea." (Doc. 32, at 9). Judge Roberts cited *United States v. Yansane*, wherein the defendant was advised at his change of plea hearing of potential immigration consequences but only later learned that he was not a United States citizen. (*Id.*, at 9-10) (citing *United States v. Yasane*, 370 F. Supp. 3d 580, 583-84 (D. Md. 2019). There, the court held the defendant's "honest and reasonable belief that he was a U.S. citizen" prevented the immigration warnings at his change of plea hearing from being effective. 370 F. Supp. 3d at 588. Here, Judge Roberts concluded defendant fully understood he was not a United States citizen and thus knew the broad immigration warnings given to him were applicable and important. (Doc. 32, at 10). Judge Roberts also noted that the impact of defendant's guilty plea on his ability to obtain asylum is unclear and, even then, it is not evident that defendant's potential asylum application would be meritorious. (*Id.*, at 10-11). Thus, Judge Roberts concluded this issue did not constitute a fair and just reason warranting withdrawal. (*Id.*, at 11).

Judge Roberts further concluded that, should the Court find a fair and just reason exists, the circumstances favor withdrawal. (*Id.*, at 11–12, 14-15). Judge Roberts acknowledged defendant does not assert actual innocence. (*Id.*, at 12). Despite this,

7

Judge Roberts concluded defendant's motion to withdraw was timely because it was "filed six weeks after his plea hearing and only six days after" defense counsel and defendant's immigration attorney conferred, and sentencing was not yet scheduled due to the Court's grant of a continuance. (*Id.*). Judge Roberts also found the government "would not be greatly prejudiced" by withdrawal, finding the mere need to prepare for a potential trial to be insufficient. (*Id.*, at 12-13). Thus, Judge Roberts found these latter two factors weighed in defendant's favor. (*Id.*, at 14-15).

### A. *Absence of a Fair and Just Reason for Withdrawal*

A defendant has no absolute right to withdraw a guilty plea. *See United States v. Nichols*, 986 F.2d 1199, 1201 (8th Cir. 1993). A district court may allow a defendant to withdraw his guilty plea if he shows a "fair and just reason," FED. R. CRIM. P. 11(d)(2)(B), but a guilty plea should not "be set aside lightly." *United States v. Prior*, 107 F.3d 654, 657 (8th Cir. 1997). "'The defendant bears the burden of showing fair and just grounds for withdrawal.'" *United States v. Rollins*, 552 F.3d 739, 741 (8th Cir. 2009) (citation omitted). "When a defendant has entered a knowing and voluntary plea of guilty at a hearing at which he acknowledged committing the crime, 'the occasion for setting aside a guilty plea should seldom arise.'" *United States v. Morrison*, 967 F.2d 264, 268 (8th Cir. 1992) (quoting *United States v. Rawlins*, 440 F.2d 1043, 1046 (8th Cir. 1971)). "Even if such a fair and just reason exists, before granting the motion a court must consider 'whether the defendant asserts his innocence of the charge, the length of time between the guilty plea and the motion to withdraw it, and whether the government will be prejudiced if the court grants the motion.'" *United States v. Ramirez-Hernandez*, 449 F.3d 824, 826 (8th Cir. 2006) (quoting *Nichols*, 986 F.2d at 1201). "Where the court sees no fair and just reason to permit withdrawal, however, these additional matters need not be considered." *Id.*

Neither party objected to Judge Roberts' findings that possible interference with

8

defendant's potential asylum application is not a fair and just reason warranting withdrawal of defendant's guilty plea and, thus, withdrawal is not warranted. Because neither party objected, the Court reviews this portion of the R&R for clear error. *See See Grinder*, 73 F.3d at 795. The Court finds no such error.

Thus, the Court **adopts** Judge Roberts' R&R on this issue and finds there is not a fair and just reason warranting withdrawal of defendant's guilty plea here.

### B. *The Government's Objections to Judge Roberts' Alternative Findings*

The government has, however, objected to Judge Roberts' alternative findings that defendant's motion was timely and that the government would not be prejudiced by withdrawal. (Doc. 34, at 3-4).[1] Thus, the government argues the circumstances here do not warrant withdrawal even if a fair and just reason exists. (*Id.*, at 4).

#### 1. *Timeliness of Defendant's Motion*

As to the timeliness of defendant's motion to withdraw, the government argues the motion was filed six weeks after defendant entered his plea and only five days before sentencing was scheduled but for the Court's grant of a continuance, which was granted in anticipation of defendant's motion to withdraw. (*Id.*, at 3); *see also* (Docs. 24, 26, & 27). The Court agrees that, under normal circumstances, merely receiving a continuance of sentencing to accommodate a motion to withdraw does not paradoxically make the motion to withdraw timely. Here, though, defendant's motion to withdraw is based on communication between defense counsel and defendant's immigration attorney concerning a complex legal issue which occurred only six days prior to the filing of defendant's motion. *See* (Doc. 28-1, at 1). Moreover, a language barrier further hindered communication between defendant and defense counsel. *See* (Doc. 26, at 1)

---

[1] It appears the government intended to only assert these objections if the Court found a fair and just reason did exist and overruled the R&R on that issue. (Doc. 34, at 2). For clarity of the record, however, the Court will consider the government's objections regardless.

(noting defendant and defense counsel communicated through a Spanish interpreter). The Court also acknowledges that, throughout this time, the COVID-19 pandemic made communication between defendants and their attorneys difficult.

Thus, the Court finds defendant filed his motion in a timely fashion under the circumstances and **overrules** the government's objection on this issue.

### *2. Prejudice to the Government*

As to prejudice, the government asserts it would be prejudiced by having to prepare for trial in a case that was "essentially concluded." (Doc. 34, at 4). Merely requiring the government to expend time and resources it would have had to expend in the absence of defendant's guilty plea does not constitute prejudice. Only when the government is forced to repeat such work does prejudice result under these circumstances. *See, e.g.*, *United States v. Miell*, 711 F. Supp. 2d 967, 991 (N.D. Iowa 2010) (holding the government would suffer prejudice if it would have to prepare for trial "a second time"). The amount of repeated work needed to constitute such prejudice is determined on a case-by-case basis. Here, the Court declines to engage in that analysis when the government has not asserted that it engaged in any significant trial preparation.

There is non-binding authority in the Eighth Circuit holding this factor is neutral, neither weighing for or against defendant, when the only potential prejudice resulting from withdrawal of a guilty plea is requiring the government to prepare for trial when the government believed all that was left in the case was sentencing. *United States v. Collyard*, No. 12-CR-58 (SRN), 2013 WL 2318141, at *12 (D. Minn. May 28, 2013) ("The Court finds no such prejudice other than requiring the Government to prepare for trial when Defendant previously waived his jury trial rights. Accordingly, this factor weighs neither in favor of nor against withdrawing Defendant's guilty plea."); *United States v. Fadl*, No. 05-CR-0074-LRR, 2006 WL 4711885, at *9 (N.D. Iowa Aug. 4, 2006) ("[T]he only prejudice . . . [is] requiring the government to now prepare for trial

10

Case 1:20-cr-00015-CJW-MAR    Document 35    Filed 06/09/20    Page 10 of 11

. . . [when it previously] believed it would only need to expend further resources on the sentencing[.] . . . Accordingly, the court finds that this factor weighs neither in favor of nor against allowing Defendant to withdraw his guilty plea."). The Court rejects this authority. Every withdrawal of a guilty plea by a defendant requires the government to prepare for trial unexpectedly. Thus, if the Court followed this authority, the prejudice factor would always weigh against defendant or, at best, be neutral; it could never weigh in a defendant's favor. The factor speaks in terms of prejudice to the government, i.e. whether the government would be in a worse position than it would have been had the defendant never pleaded guilty. When withdrawal of a defendant's guilty plea merely requires the government to proceed to trial and no other prejudicial effects are present, the Court finds this factor weighs in favor of a defendant.

Thus, the Court finds the government would not be prejudiced by withdrawal of defendant's guilty plea and **overrules** the government's objection on this issue.

## V. CONCLUSION

For these reasons, the Court agrees with Judge Roberts that defendant has not shown a fair and just reason to set aside his guilty plea, *see* FED. R. CRIM. P. 11(d)(2)(B), but that the circumstances otherwise warrant withdrawal. Thus, the Court **overrules** the government's objections (Doc. 34), **adopts** Judge Roberts' R&R without modification (Doc. 32), and **denies** defendant's motion (Doc. 28).

**IT IS SO ORDERED** this 9th day of June, 2020.

_____
C.J. Williams
United States District Judge
Northern District of Iowa